UNITED STATES of America

v.

Tracy HUMBLE.

Crim. A. No. 89–77.

United States District Court,
E.D. Louisiana.

June 15, 1989.

Marilyn Barnes, New Orleans, La., for U.S.

John Mulvehill, Federal Public Defender, New Orleans, La., for defendant.

ORDER AND REASONS

FELDMAN, District Judge.

Defendant, Tracy Humble, is charged with two counts of violating 18 U.S.C. § 215, receiving commissions for procuring loans as a loan officer of a federally insured financial institution. He moves to dismiss the indictment, alleging that Section 215 is unconstitutionally vague and overbroad.

In 1985, defendant, a loan officer for the Cameron–Brown Mortgage Company, entered into a contract with the G & N and HEW companies. The contract provided that defendant would perform specific financial services to the companies in exchange for a fee. During the contract period, Cameron–Brown made two loans to G & N, one of which was to purchase property from HEW. G & N paid the defendant for the loan procurement services after G & N received the loan proceeds from Cameron–Brown. For these actions, defendant is now charged under 18 U.S.C. § 215.

I. *Background*

Until 1984, conduct under 18 U.S.C. § 215 was made a misdemeanor; the statute prohibited officers, employees, and agents of federally insured financial institutions from stipulating for, receiving, or agreeing to receive anything of value from any person, firm or corporation "for procuring or endeavoring to procure" for the giver or a third party "any loan or extension or renewal of loan or substitution of

security" by any bank or financial institution. By 1984 one finds a more serious Congressional view of such activities. In 1984, Congress amended the statute to make it a felony for any officer or employee of a financial institution to solicit or receive "anything of value for or in connection with any transaction of business" of the institution. Again, in 1986, Congress amended the statute to provide that any agent of a federal financial institution who "...corruptly accepts or agrees to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business or transaction of such institution" commits a felony under the law. The 1986 amendment upgraded the nature of criminal intent in the statute to require corrupt conduct—specific intent.

Defendant contends that the 1984 version of Section 215, which was in effect when he allegedly committed the crime charged, is unconstitutionally vague and overbroad because it does not contain the specific intent requirement of the 1986 text of the statute. Specifically, Humble argues that when Congress added the term "corruptly" to the statute, it acknowledged that the earlier model was overbroad and vague; he complains the 1984 language does not warn potential violators that the innocent or naive receipt of commissions for procuring loans is a criminal act. The Government counters that defendant's conduct was so clearly within "the core meaning" of the statute, that Section 215, as applied to him, is neither vague nor overbroad.

The constitutional attack implicates both a facial challenge to the statute and a challenge to its application.

## II. *The Facial Challenge*

Humble's first thrust is to the overbreadth and vagueness of Section 215 on its face. A "facial challenge" is a claim that the law is "invalid *in toto*—and therefore incapable of any valid application." *Steffel v. Thompson*, 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974). Humble's burden is a heavy one. The Supreme Court has held:

In a facial challenge to the overbreadth and vagueness of a law, a court's first task is to determine whether the enactment reaches a substantial amount of constitutionally protected conduct. If it does not, then the overbreadth challenge must fail. The court should then examine the facial vagueness challenge and, assuming the enactment implicates no constitutionally protected conduct, should uphold the challenge only if the enactment is impermissibly vague in all of its applications. A plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. A court should therefore examine the complainant's conduct before analyzing other hypothetical applications of the law.

*Village of Hoffman Est. v. Flipside*, 455 U.S. 489, 494–95, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). *Flipside*, then, charts this Court's course through the thicket of facial and application-directed challenges.

This Court must first examine the statute in effect at the time of defendant's alleged criminal activity and determine whether, as to his facial challenge to the statute, the 1984 law reaches a "substantial amount of constitutionally protected conduct." Only if the Court determines that the statute does not reach a substantial amount of constitutionally protected conduct, can it proceed to inquire whether the law is impermissibly vague in all its applications, including as applied to the defendant.

In determining whether a statute reaches "a substantial amount of constitutionally protected conduct", the Supreme Court has cautioned that

a court should evaluate the ambiguous as well as the unambiguous scope of the enactment. To this extent, the vagueness of a law affects overbreadth analysis. The Court has long recognized that ambiguous meanings cause citizens to 'steer far wider of the unlawful zone' ...than if the boundaries of the forbidden areas were clearly marked.

*Id.* at 494 n. 6, 102 S.Ct. at 1191 n. 6, *citing Baggett v. Bullitt,* 377 U.S. 360, 372, 84 S.Ct. 1316, 1323, 12 L.Ed.2d 377 (1964).

Defendant invokes the legislative history of the 1986 amendment to Section 215, and argues that it best evidences the infirmity of the 1984 statute. House Report No. 99–335 explains:

> Because Section 215 does not require a corrupt or bad purpose, it reaches all kinds of otherwise legitimate and acceptable conduct. As one witness before the Subcommittee on Criminal Justice noted, section 215, 'if read literally, would prevent financial institutions from conducting day-to-day business.' Subsection (a) punishes a financial institution official for simply seeking anything of value for another in connection with any business of that institution, without regard to the intent of the official. Thus, a financial institution official who has referred a customer of that institution to a correspondent bank, or to a stock broker or other professional for that matter, has committed a federal crime. Subsection (b) merely requires the giving of anything of value to an official of a financial institution in connection with any business of that institution, without regard to what the intention of the giver is. Thus, a person commits a federal crime if he or she pays for a lunch with a financial institution official at which business with the institution is discussed.
>
> Examples of other legitimate and acceptable practices that section 215 makes criminal include—
>
> —a bank's payment of interest on an employee's account (and acceptance of the interest by an employee);
>
> —a bank's requiring a borrower who is contractually responsible for paying the bank's legal fees to pay them directly to the attorneys;
>
> —a company's donation of free space to a credit union serving its employees or allowing its employees to work in the credit union as volunteers while on company time; and
>
> —a bank employee's acceptance of a promotional item given away at a business

or trade show (and the offering of such an item by an exhibitor at the show). U.S.Code Cong. and Admin.News, Legislative History P.L. 99–370, at 1784.

■ Defendant is correct that the 1984 statute arguably criminalized some conduct that was clearly legitimate. However, that alone does not inform the result to be reached.

The overbreadth doctrine has been guardedly and almost exclusively applied to First Amendment expressive or associational rights. *Broadrick v. Oklahoma,* 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed. 2d 830 (1973). In *Broadrick* the Supreme Court counsels against a casual use of the theory: "[W]here conduct and not merely speech is involved, we believe that the overbreadth of a statute must not only be real, but substantial as well, judged in relation to the statute's plainly legitimate sweep." *Id.* at 615, 93 S.Ct. at 2918. The Court cautioned that applying the overbreadth doctrine to preclude statutory enforcement is "strong medicine" to be used "sparingly and only as a last resort." *Id.* at 613, 93 S.Ct. at 2916. The shapeless notion of overbreadth, which deals with the uncertain introverted qualities of language itself and the vaguaries of the reader's subjective perceptions, demands restraint in application because of the character of the doctrine itself. That is the lesson of *Broadrick.*

Defendant does not contend that Section 215 regulates speech or association, nor can this Court say that the challenged statutory scheme is aimed at any protected First Amendment activity. Therefore, defendant's overbreadth claim deserves close scrutiny. The issue for this Court is whether the overbreadth of 18 U.S.C. § 215 as amended in 1984 is substantial, relative to its legitimate applications.

■ The most troubling aspect of defendant's claim is ascertaining what constitutional interest would be diminished by reaching the admittedly legitimate business practices that are arguably covered by the 1984 statute, as opposed to the clear legislative target of the statute. The few instances of threat to legitimate business

practices mentioned in the House Report pale in seriousness when compared with the scope of legitimate statutory proscription—accepting payoffs for loan procurement. *See, e.g., U.S. v. Jumper,* 838 F.2d 755, 758 (5th Cir.1988) ("The purpose of 18 U.S.C. § 215 is to protect FDIC insured bank deposits by preventing unsound and improvident lines of credit from being made from such deposits by officers and directors of the bank. In addition, there can be no doubt that Congress' intent by enacting section 215 was to remove from the path of bank officials the temptation of self-enrichment at the expense of the borrower *or bank.*"). In comparison, then, the constitutionally protected conduct which the statute might reach seems insubstantial.

Moreover, as the Supreme Court pointedly added in *Broadrick,* any overbreadth problems that might exist in the 1984 statute can "be cured through case-by-case analysis of the fact situations to which its sanctions, assertedly, may not be implied." 413 U.S. at 615–616, 93 S.Ct. at 2918. In short, the impermissible applications of 18 U.S.C. § 215 seem to amount to but an insignificant fraction of the conduct within the statute's proper societal reach. Under the circumstances, this Court can not say that the 1984 product was so overbroad as to require invalidation and dismissal of defendant's indictment.[1]

### III. *Is The Statute Unconstitutional In Its Application?*

■ Having determined that the statute is not overbroad, the Court must now turn to defendant's application-directed challenge. This inquiry deals with the concept of vagueness. "A law that does not reach constitutionally protected conduct and therefore satisfies the overbreadth test", the Supreme Court said in *Flipside,* "may nevertheless be challenged on its face as unduly vague, in violation of due process. To succeed, however, the complainant must demonstrate that the law is impermissibly vague in all its applications." 455 U.S. at

497, 102 S.Ct. at 1193. Humble bears an even heavier burden here because a person whose conduct clearly falls within the statute's prohibitions can not successfully challenge the statute for vagueness. *Parker v. Levy,* 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439 (1974). To sustain a vagueness challenge, the complainant must prove that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible standard, but rather in the sense that no standard of conduct is specified at all." *Coates v. City of Cincinnati,* 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). Humble fails the test. In the well-known "void-for-vagueness" case, *Grayned v. City of Rockford,* 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972), the Supreme Court held that a statute is vague if a person of ordinary intelligence does not have a reasonable opportunity to know what is prohibited, and if the law provides no explicit standards for enforcement. (Laws which impose criminal penalties are subject to special scrutiny in this regard. *Barenblatt v. United States,* 360 U.S. 109, 79 S.Ct. 1081, 3 L.Ed.2d 1115 (1959)).

■ The statute of Humble's challenge prohibits a bank employee from receiving "anything of value, for and in connection with, any transaction or business of the bank." Thus, the issue instructed by *City of Rockford* is whether the defendant could reasonably have understood that his conduct (not someone else's) in accepting a commission for procuring two bank loans was covered and condemned by that statute. The question answers itself.

The defendant pleads that without a specific intent pronouncement, he could not have known that his business relationship with G & N and HEW was illegal. Common sense betrays an otherwise skillful argument. Although the Supreme Court has held that a scienter requirement may mitigate a law's vagueness, *Colautti v. Franklin,* 439 U.S. 379, 395, 99 S.Ct. 675, 685, 58 L.Ed.2d 596 (1979), it does not nec-

---

**1.** *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983), on which defendant places a heavy reliance, does not apply. It deals only with a First Amendment facial challenge.

essarily follow that the absence of a scienter requirement condemns a statute to being presumptively vague. Indeed, defendant has cited no law to support that proposition, and the Fifth Circuit literature suggests the contrary in a quite analogous setting. See *United States v. Evans*, 572 F.2d 455, 480–481 (5th Cir.1978) (construing 18 U.S.C. § 201, prohibition against government agents receiving gratuities).

While some imaginary defendants might wonder whether Section 215 reached or criminalized their conduct, Mr. Humble seems in the worst possible position to challenge the vagueness of the statute as it applies to him, if the charges against him are proved. For example, a bank officer who got a free parking space at a bank might question whether the space constituted a "thing of value"; and an officer who received a promotional item given away at a business with whom the bank dealt might honestly wonder whether the exchange occurred "in connection with any transaction or business of the bank." On the other hand, a loan officer, such as the defendant, who contracts with two companies to get loans for them, and then allegedly accepts a "commission" for his work, can hardly be heard to express uncertainty about whether the statute measures his conduct. A cash commission is obviously a "thing of value", and procuring a loan for others while a loan officer of the lender is most assuredly "in connection with [a] transaction or business of the bank." Thus, the statute is not vague as applied to this defendant, and he simply can not challenge the vagueness of the statute as applied to others. *Parker v. Levy, supra.*

Congress, in amending Section 215 to upgrade the crime from a misdemeanor to a felony, specifically stated that it intended to "recast broadly" the statute to promote the "strong federal interest [in] safeguard[ing] the transactions against undue influence by bribery." 1984 U.S.Code Cong. & Admin. News, pp. 3516–17. Moreover, as this Court has already noted, the Fifth Circuit, in *U.S. v. Jumper*, held that Congress enacted the statute "to remove from the path of bank officials the temptation of self enrichment at the expense of the borrower *or bank*." 838 F.2d at 758. Thus, the violations with which defendant is charged fit squarely within the conduct about which Congress was most concerned when it enacted 18 U.S.C. § 215.

Because a person of ordinary intelligence would reasonably understand that accepting cash commissions for the procurement of loans while acting as a loan officer of a federally insured financial institution is conduct prohibited by 18 U.S.C. § 215, this Court holds that defendant's vagueness challenge to the statute must also fail.

Defendant's Motion to Dismiss the Indictment is DENIED.